

**SO ORDERED.**

**SIGNED this 16 day of June, 2011.**

Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

                                                **CHAPTER 13**

**DONALD LEE MOORE and**
**LINDA CRAFT MOORE,**                     **CASE NO. 10-05345-8-SWH**

     **DEBTORS**


**DONALD LEE MOORE and**                    **Adversary Proceeding No.**
**LINDA CRAFT MOORE,**                      **10-00205-8-SWH**

     **PLAINTIFFS**

       **v.**

**ONEWEST BANK, FSB,**

     **DEFENDANT**


**ORDER DEFERRING RULING ON  MOTION TO SET ASIDE ENTRY OF DEFAULT**

      The matter before the court is defendant OneWest, FSB's Motion to Set Aside Entry of

Default with respect to an entry of default judgment filed on September 22, 2010.  A hearing was

held in Raleigh, North Carolina,  on April 19, 2011. For the reasons that follow, the court will defer

ruling on the motion.

On October 23, 2006, Donald and Linda Moore executed a note in the amount of $125,600 for the benefit of Dream House Mortgage Corporation ("Dream House"). The note was secured by a deed of trust on property located at 1908 Lauire Drive, Haw River, North Carolina (the "Property"). Although the lender was Dream House, a Rhode Island corporation, the deed of trust as recorded erroneously indicated First Choice Title & Closing, a Rhode Island limited liability company ("First Choice"), as the lender and secured party. On April 2, 2007, Melissa Bonneville of First Choice re-recorded the deed of trust to accurately designate Dream House as the lender. The effort failed in several key respects to comply with the specific statutory requirements of N.C. Gen. Stat. § 47-36.1 (2008). OneWest, FSB subsequently purchased the note from Dream House.

The Moores filed a joint chapter 13 petition on July 2, 2010, and initiated an adversary proceeding against OneWest with the filing of a complaint on August 13, 2010. The complaint sought the court's declaration that the deed of trust encumbering the Property is void. Plaintiffs alleged that they could, under 11 U.S.C. § 522(h), act in the trustee's stead to avoid the deed of trust pursuant to 11 U.S.C. § 544(a)(3). OneWest did not file an answer or other responsive pleading.

On September 16, 2010, the plaintiffs filed a Motion for Entry of Judgment By Default, supported by an affidavit. On September 22, 2010, the clerk of court filed an entry of default against OneWest. OneWest filed a Motion to Set Aside Entry of Default on April 18, 2011.

OneWest asserts that good cause exists to set aside the entry of default for several reasons. First, it contends that its inadvertent mis-marking of the complaint as "no attorney response needed" in its computer system upon service, resulted in the failure to answer and in the delayed response to the entry of default. At the hearing, OneWest also argued that the provisions of 11 U.S.C. § 544(a)(3) would not allow a trustee to avoid the deed of trust in question because,

regardless of whether the re-recording of the deed of trust complied with the provisions of N.C. Gen. Stat. § 47-36.1, the re-recorded deed of trust still would serve to put a bona fide purchaser for value on notice of the correct parties to the deed of trust, thus depriving the plaintiffs of bona fide purchaser status. Additionally, defendant seeks post-petition equitable reformation of the deed of trust, and alleges that the complaint is deficient because it fails to name First Choice or Dream House as defendants.

In response, the plaintiffs argue that the entry of default should not be set aside because OneWest has no meritorious defense. The plaintiffs contend that the deed of trust was invalid as recorded, and that the re-recording did not comply with then-applicable N.C. Gen. Stat. § 47-36.1 (2008).  On that basis, they seek a a default judgment declaring that pursuant to 11 U.S.C. §§ 506, 1322(c)(2), and 1325(a)(5), defendant held no lien against the Property and that defendant's claim should be treated as a general unsecured claim in the underlying chapter 13 case.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that "the court may set aside an entry of default for good cause," and is applicable in adversary proceedings.  Fed. R. Civ. P. 55(c) (made applicable in bankruptcy by Bankr. R. 7055).  The standard for setting aside an entry of default is less onerous than the standard for setting aside a default judgment.  Colleton Prep. Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 420 (4th Cir. 2010).  In making a determination of whether good cause exists, a court should "consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."  Id. at 417, quoting Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198,

203 (4th Cir. 206).  At this time, however, the court will not undertake the analysis necessary to determine whether good cause exists for setting aside the entry of default.

It is more appropriate at this juncture to focus on the more fundamental issue of standing. In their complaint, the plaintiffs alleged that "[t]he Trustee has standing to pursue this matter pursuant to 11 U.S.C. § 544(a)(3), and the plaintiffs have the authority to pursue it in his stead pursuant to 11 U.S.C. § 522(h)."  For the reasons that follow, the court finds that the plaintiffs do not have, and did not ever have, standing to pursue the avoidance action they have initiated.

Section 544(a) sets forth the "strong arm" powers of the *trustee* as follows:

> *The trustee* shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
> > . . .
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (emphasis added).  The section "refers explicitly to rights and powers of a trustee and does not mention," much less confer such rights upon, the chapter 13 debtor.  Robinson v. World Omni Fin. Corp., 2011 WL 352433 *2 (Bankr. E.D.N.C. 2011), citing In re Binghi, 299 B.R. 300, 301 (Bankr. S.D.N.Y. 2003).  The rights and powers of a chapter 13 debtor are set out in § 1303 of the Bankruptcy Code, as follows:

> Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.

The language of this provision "clearly indicates that chapter 13 debtors were not granted the trustee's avoidance powers found in chapter 5 of the Code." Robinson, 2011 WL 352433 *2; see also In re Hollar, 174 B.R. 198, 203 (M.D.N.C. 1994) (same).

Debtors here, however, seek to avoid the deed of trust encumbering their real property by acting in the trustee's stead pursuant to § 522(h). That section provides:

> (h) The debtor may avoid a transfer of property of the debtor . . . to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if –
>
> (1) such transfer is avoidable by the trustee under section 544 . . .; and
>
> (2) the trustee does not attempt to avoid such transfer.

The debtor's power under § 522(h) is thus explicitly limited by § 522(g)(1).

That statute requires, *inter alia*, that the transfer being avoided not be a voluntary transfer by the debtor. "In most instances, the granting of a mortgage or security interest in the debtor's property is voluntary." 4 Collier on Bankruptcy ¶ 522.12[2][b] at 522-114 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) This court previously examined this statutory exclusion of voluntary transfers in In re Millerburg, 61 B.R. 125, 128 (Bankr. E.D.N.C. 1986). In that case, the debtor could not exempt a vehicle "because it was the subject of a voluntary transfer, i.e., the giving of a security interest to GMAC." Id. Courts distinguish the consensual grant of a security interest from a lien created by operation of law or the fixing of a judicial lien, finding the former to be a clear voluntary transfer. The transfer at issue in this case is the granting of a deed of trust on the debtors'

5

real property. Because that was a voluntary transfer, the Property could not be exempted under § 522(g)(1), and the debtors cannot utilize § 522(h) to gain standing to avoid the deed of trust in the trustee's stead.

The standing issue was not raised at the hearing, and could be cured by the joinder of the Chapter 13 trustee or his ratification of the adversary proceeding.  Accordingly, the court will defer final ruling on the motion to set aside the entry of default for 60 days.  During this time, the trustee is directed to evaluate the cause of action asserted by the debtors in accordance with the standards set forth in Rule 9011 of the Federal Rules of Bankruptcy Procedure and either join the action, ratify the action, or affirmatively notify the court and the parties that he does not believe the action is warranted.  The court will then rule on OneWest's motion to set aside entry of default.

**SO ORDERED.**

**END OF DOCUMENT**