**SO ORDERED.**

**SIGNED this 21 day of September, 2011.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**
_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **DONALD LEE MOORE and LINDA CRAFT MOORE,** | **CASE No. 10-05343-8-SWH** |
|     **DEBTORS** | |
| **DONALD LEE MOORE and LINDA CRAFT MOORE,** | **A.P. No. 10-00205-8-SWH** |
|     **Plaintiffs** | |
| **vs.** | |
| **ONEWEST BANK, FSB,** | |
|     **Defendant** | |

### ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT

The matter before the court is the defendant's Motion to Set Aside Entry of Default. A hearing was held in Raleigh, North Carolina, on April 19, 2011. Determination of that motion was deferred to enable the parties to address the issue of standing, and the matter is now ripe for disposition.

Donald and Linda Moore filed a chapter 13 petition on July 2, 2010 and, on July 6, 2010, John F. Logan was duly appointed as chapter 13 trustee. On August 13, 2010, the debtors filed an adversary proceeding against OneWest Bank, FSB ("OneWest"), seeking to declare its lien against the property located at 1908 Laurie Drive, Haw River, North Carolina void. OneWest did not file a response. Upon motion of the plaintiffs, an entry of default was filed by the Clerk of the Bankruptcy Court on September 22, 2010. The plaintiffs then moved for entry of a default judgment, which was scheduled for hearing and then continued several times. On April 18, 2011, the day before the scheduled April 19 hearing on the motion for entry of a default judgment, OneWest filed its Motion to Set Aside the Entry of Default.

After the hearing the court *sua sponte* reviewed the standing of the debtors to bring the adversary proceeding and determined that such standing was lacking, as is more specifically set forth in the Order Deferring Ruling on Motion to Set Aside Default entered on June 16, 2011. The order directed the Chapter 13 trustee to review the cause of action and to determine whether he would join in or ratify the complaint. By email dated August 16, 2011, the trustee advised the court and parties of his decision to join in the complaint. The matter is ripe for a substantive determination on the motion to set aside default.

## BACKGROUND

On October 23, 2006, the Moores executed a note in the amount of $125,600 for the benefit of Dream House Mortgage Corporation ("Dream House") to purchase the property located at 1908 Laurie Drive, Haw River, North Carolina ("the Property"). On the same date, they executed a deed of trust on the Property. The deed of trust, as originally filed, incorrectly named First Choice Title and Closing ("First Choice") as the lender, and Alamance County as the trustee. On April 2,

2007, Melissa Bonneville of First Choice re-recorded the deed of trust in an effort to correct the designation of lender and trustee. The re-recorded deed of trust, on which the original lender and trustee have been marked through in order to reflect the changes, names Dream House Mortgage Corporation as the lender and First Choice Title as the trustee.  There is no indication that Melissa Bonneville is an attorney, or that she drafted the original deed of trust, and there is no statement of explanation attached to the re-recorded deed of trust.  OneWest is Dream House's successor-in-interest.

The debtors contend that the deed of trust was invalid as recorded, and that the re-recording did not comply with the requirements of N.C. Gen. Stat. § 47-36.1 (2008) as that statute existed at that time.  Therefore, debtors sought a declaration that pursuant to 11 U.S.C. §§ 506, 1322(c)(2), and 1325(a)(5), OneWest holds no lien against the Property based upon the deed of trust and, accordingly, that OneWest's claim should be treated as a general unsecured claim in the debtors' underlying chapter 13 case.

OneWest seeks to have the entry of default set aside for reasons including, but not limited to, mistake, inadvertence, surprise, and/or excusable neglect.  On receipt of service of the complaint, OneWest alleges, it inadvertently mis-coded the complaint as "not requiring response" in its computer system. At the hearing, counsel for OneWest argued that debtors should not be able to avoid the deed of trust pursuant to 11 U.S.C. § 544(a)(3) regardless of whether the re-recording of the deed of trust complied with the provisions of N.C. Gen. Stat. § 47-36.1, because the second recorded deed of trust would have served to put a bona fide purchaser for value on notice of the correct parties to the deed of trust.  In addition, OneWest seeks post-petition reformation of the deed of trust.

Rule 55 of the Federal Rules of Civil Procedure provides that the court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c) (made applicable in bankruptcy by Fed. R. Bankr. P. 7055). OneWest acknowledges that whether to set aside the entry of default is within the discretion of the court. As a general rule, courts prefer to avoid defaults, and the standard for setting aside an entry of default requires that a movant establish "good cause"; a more forgiving standard than the "excusable neglect" standard applicable to setting a default judgment. Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417, 420 (4th Cir. 2010).

In Wainwright's Vacations, the Court of Appeals for the Fourth Circuit concluded that a party attempting to set aside an entry of default must act with reasonable promptness, and must proffer evidence of facts that would establish a meritorious defense or permit a finding for the defaulting party. Wainwright's Vacations, LLC v. Pan Am, 130 F. Supp. 2d 712, 718 (4th Cir. 2001). If those two prerequisites are established, the court may assess four other factors that the Fourth Circuit described as "useful guidelines in evaluating a Rule 55(c) motion," those being "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Id. at 718; United States. v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982).

## DISCUSSION

Promptness of Motion

There is no specific amount of time within which a motion to set aside an entry of default must be filed. However, the party seeking to have the entry of default set aside should act reasonably promptly. Wainwright's Vacations, 130 F. Supp. 2d at 718.

Here, the default was the result of OneWest's allegedly inadvertent mis-coding of the complaint in its internal software system in July or August as a pleading that did not require response. This initial mistake came to the attention of OneWest's counsel, who also received service of the complaint. Counsel contacted OneWest multiple times to question how the matter was coded, and to advise his client that it appeared there had been a mistake. OneWest, for reasons that remain unexplained, was unresponsive to the advice of its counsel.

Eventually, OneWest contacted its title insurance company about the complaint, and was notified on April 17, 2011 that the title company had decided that it would not defend the matter. Counsel for OneWest then filed the motion to set aside the entry of default the next day, April 18, 2011. The entry of default had been filed on September 22, 2010, approximately seven months earlier.

The court concludes that OneWest's initial mistake was in the mis-coding of the pleading, which was a clear but simple error. The second, more meaningful mistake was in ignoring the repeated efforts of its own counsel to prompt OneWest to respond, resulting in a delay of nearly seven months between the time OneWest had notice of a pending motion for entry of a default judgment and OneWest's motion to set aside the default that was entered. This scenario cannot be chalked up to mistake, inadvertence, or excusable neglect of the kind that this court can excuse. The court concludes that OneWest's response and request to set aside the entry of default were not "reasonably prompt" and OneWest cannot satisfy the first prerequisite to set aside entry of default. The court will, however, in the interest of thoroughness, move on to determine whether OneWest has presented a meritorious defense.

Forecast of Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).  It is not necessary for the defaulting party to prove that it would prevail, only "that there is sufficient evidence to permit a court to find in his favor." Wainwright's Vacations, 130 F. Supp. 2d at 718.  By way of defense, OneWest asserts that the plaintiffs cannot avoid the deed of trust under 11 U.S.C. § 544(a)(3), and seeks reformation of the deed of trust.

There is no dispute that the deed of trust is flawed in several respects, the statutory bases for which are briefly outlined here.  North Carolina has a "pure race" registration statute, which states that "[n]o deed of trust or mortgage of real or personal property. . . shall be valid to pass any property as against lien creditors . . . but from the time of registration thereof."  N.C. Gen. Stat. § 47-20(a) (2011). The original deed of trust, filed on October 23, 2006, was invalid because it failed to name the correct parties as lender and trustee. The re-recorded deed of trust from April 2, 2007, also is invalid because it failed to comply with the statutory requirements for re-recording a deed at the time the deed was recorded.  N.C. Gen. Stat. § 47-36.1 (2008).  In particular, § 47-36.1 requires that a deed being re-recorded to correct obvious typographical or other minor error must set out the correction on the face, and must include a statement of explanation.  N.C. Gen. Stat. § 47-36.1 (2008). Additionally, either the original parties or the drafting attorney must initial the corrections and sign the statement of explanation.  Id.  In the case at hand, the correction was set out on the face of the re-recorded deed, but there was no statement of explanation attached. Finally, neither the original parties nor the drafting attorney initialed the correction.

OneWest contends that the original deed of trust was valid to create a security interest even though it does not accurately identify the lender, and should be reformed in order to reflect the true intention of the parties. There is no dispute that the parties intended to encumber the property, and reformation is an equitable remedy that allows a court to re-write a deed in order to make it conform with the intent of the parties. Metro. Pro. & Cas. Ins. Co. v. Dillard, 126 N.C. App. 795, 798 (1997). In this matter, reformation would be appropriate, absent other law.

The general rule of reformation is that reformation will not be allowed if the rights of an innocent bona fide purchaser, or someone occupying a similar status, would be prejudiced. Hice v. Hi-Mil, Inc., 301 N.C. 647, 653, 273 S.E.2d 268 (1981). Therefore, reformation is inappropriate if the Chapter 13 trustee qualifies as a bona fide purchaser for value or someone occupying a similar status, whose rights would be prejudiced by reforming the deed of trust. Under § 544(a)(3), the trustee has the rights and powers of a bona fide purchaser of real property. OneWest points out that "in Chapter 11, a debtor-in-possession has the power to avoid a claim that could be voidable by a bona fide purchaser for value at the time of the filing of the bankruptcy petition." In re Law Developers, LLC, 404 B.R. 136, 139 (Bankr. E.D.N.C. 2008), but that in this circuit, "a Chapter 11 debtor's actual notice of a mistake in a deed of trust is imputed to the debtor in possession acting as a bona fide purchaser for value." Id. (construing In re Hartman Paving, 745 F.2d at 309). Thus, "a debtor-in-possession, acting as a bona fide purchaser pursuant to Section 544(a)(3), cannot invalidate a deed of trust where he is an original party to the deed of trust and had actual notice of its existence." Id. (construing Hartman Paving, 745 F.2d at 309). This case, however, is *not a chapter 11 case in which the debtors act as debtors-in-possession.* This is a chapter 13 case with a trustee, and OneWest has provided no authority to counter the provision of § 544(a)(3) which

7

stipulates that the "trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of" a creditor with a judicial lien as of the commencement of the case.  OneWest instead contends that Hartman can be extrapolated to apply to this scenario.  The court declines to undertake that analysis or extension as unnecessary.

Section 544(a)(1) gives the trustee the status of a judicial lien creditor on all property as of the date of the bankruptcy petition.  § 544(a)(1).  State law determines the extent of a lien creditor's rights and priorities once the debtor-in-possession assumes the status of a hypothetical lien creditor. Id.   Under North Carolina law, an intervening judgment lien will only cut off reformation rights where the lien creditor is without knowledge of the mistake and has "advanced some  new consideration or incurred some new liability on the faith of the apparent ownership."  M.&J. Fin. Corp. v. Hodges, 230 NC 580, 582, 55 S.E.2d 201 (1949).  Section 544(a)(1) treats the trustee as having extended credit after recording of the defective deed of trust – i.e., at the commencement of the case, prior to the filing of the petition – and the resulting hypothetical judicial lien cuts off a creditor's reformation rights as of the date the petition was filed.  In this case, the deed of trust as incorrectly re-recorded on April 2, 2007 would be invalid against a judicial lien creditor that obtained a judgment at the time the bankruptcy petition was filed.  Section 544(a)(1) thus precludes OneWest from reforming the deed of trust.  Under this analysis, it is apparent that OneWest cannot forecast a meritorious defense.

## CONCLUSION

Defendant OneWest did not file its motion with reasonable promptness and, in addition, has failed to preview a meritorious defense.  Because OneWest is unable to establish either of the prerequisites necessary to support a motion to set aside entry of default under Rule 55(c), the court concludes that the entry of default should not be set aside.

**SO ORDERED**.

## END OF DOCUMENT